IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| CIRQL MATERIALS, LTD.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAS CIRCLE SPORTSWEAR,<br><br>　　　　Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff Cirql Materials, Ltd., ("Cirql" or "Plaintiff") by and through its attorneys, for its Complaint against Defendant SAS Circle Sportswear ("Circle Sportswear"), hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Circle Sportswear because it has engaged in systematic and continuous business activities in this District. As described below, Circle Sportswear has committed acts of patent infringement giving rise to this action within this district.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (c)(3) because a substantial part of the events giving rise to the claim occurred in this district, and because, upon information and belief, Circle Sportswear is not a resident of the United States. As described below, Circle Sportswear has committed acts of patent infringement giving rise to this action within this District.

## PARTIES

5. Plaintiff Cirql Materials, Ltd. is a limited liability company organized and existing under the laws of the Cayman Islands, having a principal place of business at 235 Dong Khoi Street, Ben Nghe Ward, District 1, Ho Chi Minh City, Vietnam.

6. Upon information and belief, Defendant SAS Circle Sportswear is a company organized and existing under the laws of France, having a principal place of business at 1 rue de marseille 75010, Paris, France.

## PATENTS-IN-SUIT

7. Cirql is the assignee of all right, title and interest in U.S. Patent No. 11,718,055 ("the '055 Patent") and U.S. Patent No. 12,194,704 ("the '704 Patent") (collectively, the "Patents-In-Suit"), including the rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-In-Suit. Accordingly, Cirql possesses the right and standing

to prosecute the present action for infringement of the Patents-In-Suit by Circle Sportswear.

8. The '055 Patent is entitled "Biodegradable, industrially compostable, and recyclable injection molded microcellular flexible foams," and issued on August 8, 2023. The application leading to the '055 Patent was filed on October 7, 2022. A true and correct copy of the '055 Patent is attached hereto as **Exhibit 1** and incorporated herein by reference.

9. The '704 Patent is entitled "Biodegradable, industrially compostable, and recyclable injection molded microcellular flexible foams," and issued on January 14, 2025. The application leading to the '704 Patent was filed on August 7, 2023. A true and correct copy of the '704 Patent is attached hereto as **Exhibit 2** and incorporated herein by reference.

### CIRCLE SPORTSWEAR'S INFRINGING ACTIVITIES

10. At least since February 2025, Circle Sportswear has sold, offered for sale and imported into the United States shoes with recyclable flexible injection molded foam midsoles ("Accused Products"). According to Circle Sportswear's website, the midsoles of the Accused Products are made from renewable thermoplastic elastomers, which are polymers. According to Circle Sportswear's website, the midsoles of the Accused Products are able to be recycled into new high performance polymer compounds.

11. The midsole of the Accused Products are made by an entity named Aloft through the use of a supercritical foaming process called "Super Critical Foaming 'E-Blast' Technology." *See* https://we-aloft.com/en/news-introducing-supernatural-runner. Aloft uses an "E-Blaster" injection molding machine to manufacture the midsoles of the Accused Products.

12. The E-Blaster injection machine, which, upon information and belief, Aloft sourced from a company in Taiwan, is used to manufacture the flexible foam insoles of the Accused Products using the method of:

- forming a molten polymer from a thermoplastic masterbatch comprised of recyclable thermoplastic polymers;

- mixing nitrogen in a supercritical fluid state with the molten polymer to create a single-phase solution;

- introducing the single-phase solution into a mold cavity;

- foaming the single-phase solution in the mold cavity by allowing the supercritical fluid to come out of solution and form a flexible foam;

- pressurizing the mold cavity with a counterpressure gas during foaming of the single-phase solution;

- utilizing a computer controller that controls the dosing amount and hold time of the counterpressure gas in the mold cavity, that

receives data from a pressure sensor for sensing pressure in the machine, and that dynamically applies varying pressures to the mold cavity with the counterpressure gas; and

- where the recyclable thermoplastic polymers do not cross-link during manufacture.

13. Circle Sportswear has offered and continues to offer the Accused Products for sale on its website (circlesportswear.com), which is accessible from the United States. An example of Circle Sportswear's offer for sale of an Accused Product on its website is as follows:



14. Circle Sportswear has fulfilled, and continues to fulfill, orders made from the United States for the Accused Products, including through its website.

15. Circle Sportswear imports Accused Products to the United States, including into this District. By way of example, in March 2025, Circle Sportswear fulfilled an order for an Accused Product sold through its website and imported the product to a location in this District.

16. Circle Sportswear's sales, offers for sale, and importation of Accused Products in the United States has been without authorization of Cirql.

17. As a result of Circle Sportswear's actions, Cirql has been damaged, and continues to be damaged by the unauthorized sales, offers for sale, and importation of Accused Products into the United States.

## COUNT I: INFRINGEMENT OF THE '055 PATENT

18. Cirql incorporates the preceding paragraphs by reference.

19. Circle Sportswear infringes the '055 Patent pursuant to 35 U.S.C. § 271(g) by selling, offering for sale, and importing into the United States the Accused Products, which are made by the method claimed in the '055 Patent, including claim 1, during the term of the '055 Patent.

20. Circle Sportswear has had knowledge of the '055 Patent at least as of the filing of this Complaint.

21. Circle Sportswear's infringement of the '055 Patent has been and continues to be willful at least as of the filing of this Complaint.

22. As a result of Circle Sportswear's acts of infringement of the '055 Patent, Cirql has suffered and continues to suffer damages. However, Cirql does not yet know the full extent of the infringement and the amount of damages cannot be ascertained except through discovery. To the fullest extent permitted by law, Cirql seeks recovery of damages, including reasonable royalties. Cirql further seeks any other damages to which it is entitled under law or in equity, including enhanced damages for Circle Sportswear's willful infringement.

23. Cirql has suffered and will continue to suffer irreparable harm in the absence of an injunction.

### COUNT II: INFRINGEMENT OF THE '704 PATENT

24. Cirql incorporates the preceding paragraphs by reference.

25. Circle Sportswear infringes the '704 Patent pursuant to 35 U.S.C. § 271(g) by selling, offering for sale, and importing into the United States the Accused Products, which are made by the method claimed in the '704 Patent, including claim 1, during the term of the '704 Patent.

26. Circle Sportswear has had knowledge of the '704 Patent at least as of the filing of this Complaint.

27. Circle Sportswear's infringement of the '704 Patent has been and continues to be willful at least as of the filing of this Complaint.

28. As a result of Circle Sportswear's acts of infringement of the '704 Patent, Cirql has suffered and continues to suffer damages. However, Cirql does not yet know the full extent of the infringement and the amount of damages cannot be ascertained except through discovery. To the fullest extent permitted by law, Cirql seeks recovery of damages, including reasonable royalties. Cirql further seeks any other damages to which it is entitled under law or in equity, including enhanced damages for Circle Sportswear's willful infringement.

29. Cirql has suffered and will continue to suffer irreparable harm in the absence of an injunction.

## JURY DEMAND

30. Cirql demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Cirql requests the following relief:

A. A judgment that Circle Sportswear has infringed and is infringing one or more of the claims of the '055 Patent;

B. A judgment that Circle Sportswear has infringed and is infringing one or more of the claims of the '704 Patent;

C. A judgment that Circle Sportswear's infringement is willful;

D. A preliminary and permanent injunction prohibiting Circle Sportswear and all persons or entities acting for or in concert with Circle Sportswear from infringing;

E. A judgment that awards Cirql all appropriate damages under 35 U.S.C. § 284 for Circle Sportswear's infringement, including pre- or post-judgment interest, costs, and disbursements justified under 35 U.S.C. § 284;

F. That this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Cirql be awarded its reasonably attorneys fees against Circle Sportswear that it incurs in prosecuting this action; and

G. Such other and further relief as the Court may deem just and proper.

CIRQL MATERIALS, LTD.

By its attorneys,

*s/ Joshua M. Dalton*
Joshua M. Dalton (BBO # 636402)
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110
T: 617.951.8284
josh.dalton@morganlewis.com

John V. Gorman (*pro hac vice forthcoming*)
Morgan, Lewis & Bockius LLP
1201 N. Market Street, Suite 2201

                                              Wilmington, DE 19801
                                              T: 302.574.7297
                                              john.gorman@morganlewis.com

Dated: August 15, 2025